| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **19-CI-00073**<br>Court: **CIRCUIT**<br>County: **OLDHAM** |

*Plantiff,* **POLSTON, LINDA J VS. CADENCE EDUCATION, LLC**, *Defendant*

TO: **CAPITOL CORPORATE SERVICES, INC.**
**828 LANE ALLEN RD.**
**STE 219**
**LEXINGTON, KY 40504**

Memo: Related party is CADENCE EDUCATION, LLC

The Commonwealth of Kentucky to Defendant:
**CADENCE EDUCATION, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stephen Kaelin, Oldham
Circuit Clerk
Date: **1/30/2019**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____

_____
Served By

_____
Title

---

Summons ID: 144113410509786@00000112857
CIRCUIT: 19-CI-00073 Certified Mail
POLSTON, LINDA J VS. CADENCE EDUCATION, LLC



Page 1 of 1      Exhibit 1      

COMMONWEALTH OF KENTUCKY
OLDHAM CIRCUIT COURT
DIVISION
CASE NO. 19-CI-00073
*FILED ELECTRONICALLY*

LINDA J. POLSTON            PLAINTIFF

v.           **VERIFIED COMPLAINT**

CADENCE EDUCATION, LLC         DEFENDANT

**SERVE:**    Registered Agent
            Capitol Corporate Services, Inc.
            828 Lane Allen Rd., Ste. 219
            Lexington, Kentucky 40504

\* \* \* \* \* \*

**PARTIES**

1. Plaintiff, Linda J. Polston ("Polston"), is an individual residing at 1203 Briarly Court, Apt. 1, Louisville, KY 40222. Plaintiff Polston is a former employee of Defendant, Cadence Education, LLC, who worked at the Cadence Academy Preschool in Crestwood, Kentucky.

2. Defendant Cadence Education, LLC ("Cadence"), d/b/a Cadence Academy Preschool, is a corporation formed and existing under the laws of the State of Delaware. Defendant Cadence's principal place of business is 8768 E. Via De Ventura, Suite 200, Scottsdale, Arizona 85258. Defendant Cadence operates the Cadence Academy Preschool in Oldham County at 8905 W. Highway 22 Crestwood, Kentucky 40014. Defendant Cadence previously employed Plaintiff.

**JURISDICTION**

3. Within the meaning of the law, and at all times relevant to this Complaint, Defendant was an "employer" and Plaintiff was an "employee" (until her date of termination).

4. Jurisdiction and venue are proper in this Court because the Defendant conducts business in Oldham County; the transactions and occurrences involved occurred in Oldham County; and the damages suffered by Plaintiff exceed the jurisdictional limits of the Circuit Court.

## FACTUAL BACKGROUND

5. Cadence is in the business of for-profit child care and early childhood educational services and operates in Crestwood, Kentucky under the name Cadence Academy Preschool, Crestwood.

6. All Supervisors and Managers mentioned herein were employees of Cadence. Their actions against Plaintiff were committed in the scope of their employment and for the benefit of Cadence.

7. Plaintiff began her employment with Cadence in 2007 as a preschool teacher.

8. At all times relevant to this Complaint, Heather Williamson was employed by Cadence as the Director of the Cadence Academy Preschool, Crestwood.

9. At all times relevant to this Complaint, Samantha Cox was employed by Cadence as the Assistant Director of the Cadence Academy Preschool, Crestwood.

10. At all times relevant to this Complaint, Mackenna Montfort and Amanda were employed by Cadence as a preschool teachers at the Cadence Academy Preschool, Crestwood.

11. At all times relevant to this Complaint, Bonnie Way was employed by Cadence as a cook at the Cadence Academy Preschool, Crestwood.

12. On or about January 19, 2018, Plaintiff Polston witnessed Bonnie Way with her hands down the shirt of R., one of the children, caressing the child's breasts.

13. On or about January 19, 2018, Plaintiff Polston reported the above incident to Director Williamson and Assistant Director Cox.

14. Director Williamson and Assistant Director Cox expressed their disbelief to

Plaintiff Polston that Bonnie Way caressed R.'s breasts.

15. Director Williamson instructed Plaintiff Polston not to say anything about the molestation she had witnessed to anyone.

16. On or about January 19, 2018, R. reported to her teacher, Amanda, that Bonnie Way put her hands down the child's shirt and was "rubbing [her] boobies."

17. On or about January 19, 2018, Amanda told Plaintiff Polston that R. had reported being fondled.

18. Plaintiff Polston and Amanda discussed the matter.

19. Plaintiff Polston told Amanda that Director Williamson had instructed her not to talk about the incident with anyone.

20. Director Williamson told Plaintiff Polston that "We took care of the problem, so don't ever tell anyone" (or words to that effect).

21. On or about January 22, 2018, Plaintiff Polston observed that Bonnie Way was still working in close proximity to R. and the other children.

22. Plaintiff Polston immediately went to Director Williamson with concerns about the safety of the children.

23. Director Williamson stated "Linda, the problem has been taken care of, leave it alone and let it go" (or words to that effect).

24. Plaintiff Polston then reiterated her concerns and expressed the need to notify the police because R. had been violated.

25. Upon reason and belief, Cadence did not perform an adequate investigation, or take effective corrective action, into the complaints of sexual abuse of a minor child that took place at its facility by one of its employees.

26. Since reporting the sexual abuse of a minor by a coworker to Director Williamson,

Plaintiff Polston has been treated differently in the workplace and ostracized by her coworkers.

27. Plaintiff Polston has subsequently been belittled and harassed by her coworkers to the point that she developed severe anxiety attributed to work related stress.

28. On another occasion in May of 2018, Plaintiff Polston witnessed MacKenna Montfort physically push a minor child's head into the hard part of the cot he was resting on causing him to scream out in pain.

29. Plaintiff Polston immediately reported this physical abuse to Director Williamson, to which Director Williamson responded by saying, "Ok."

30. Upon reason and belief, Cadence did not perform an adequate investigation, or take effective corrective action, into Plaintiff Polston's report of physical abuse of a minor child that took place at its facility by one of its employees.

31. Thereafter, the harassment and belittling that Plaintiff had been experiencing increased and her anxiety continued.

32. On June 26, 2018, Plaintiff Polston's physician, Michael A. Punnett, M.D., recommended that Plaintiff Polston remain off of work for one month due to anxiety.

33. Due to Plaintiff Polston's diagnosis of anxiety, she remained off work during the recommended time out on health related leave.

34. On July 23, 2018, Plaintiff Polston's physician, Michael A. Punnett, M.D., recommended that Plaintiff Polston could return to work on July 25, 2018, with no restrictions.

35. Subsequently, Director Williamson called Plaintiff Polston and informed her that her services were no longer needed.

36. Plaintiff Polston was effectively terminated on July 26, 2018.

### Count I
### Violation of KRS 344.040 (Disability Discrimination)

37. Plaintiff incorporates by reference, as set forth fully herein, each and every averment,

Filed 19-CI-00073 01/30/2019 Stephen Kaelin, Oldham Circuit Clerk

allegation, or statement contained in the previous paragraphs of this Complaint.

38. At the times relevant to this Complaint, Plaintiff Polston was a member of a protected class based on disability because of her diagnosis of suffering from anxiety or because she was regarded as being disabled because of her diagnosis.

39. Plaintiff was discriminated against in her employment on the basis of this disability or the perception that she was disabled.

40. Defendant took unlawful adverse employment action against Plaintiff Polston based on disability by terminating her because of her disability or the perception of her disability.

41. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## Count II
### Violations of KRS § 344.280 (Retaliation)

42. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

43. Plaintiff was in a protected class on account of her disability or regarded as being disabled.

44. Plaintiff engaged in protected activity when she notified a member of management that her physician had removed her from work due to a non-work related medical issue from June 26, 2018 until July 25, 2018.

45. Cadence retaliated against Plaintiff for engaging in such protected activity by terminating her employment.

46. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

Filed 19-CI-00073 01/30/2019 Stephen Kaelin, Oldham Circuit Clerk

Package:000007 of 000009
Presiding Judge: HON. KAREN A. CONRAD (612186)
Package : 000007 of 000009

## COUNT III
### Violations of the Family Medical Leave Act of 1993

47. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

48. Plaintiff Polston was entitled to time off work under the FMLA because of her diagnosis and other medical conditions.

49. When Plaintiff did take time off under FMLA to which she was entitled, Defendant retaliated against Plaintiff by terminating her employment.

50. As a direct and proximate result of the aforementioned conduct, Plaintiff's FMLA rights were violated and she has suffered embarrassment, humiliation, emotional distress, and loss of wages and benefits.

## COUNT IV
### Wrongful Termination in Violation of Public Policy

51. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

52. It is the public policy of the Commonwealth of Kentucky as expressed in KRS 620.030 that any person who has reason believe child abuse has taken place must report it to the appropriate authorities.

53. When Plaintiff Polston reported the sexual abuse of a minor on January 19, 2018, to Director Willliamson and Assistant Director Cox, she was specifically instructed not to tell anyone.

54. Subsequently, Plaintiff Polston was retaliated against, alienated, and ostracized by her peers, and ultimately terminated for complaining about abuse of minors in the workplace.

55. As a direct and proximate result of the aforementioned conduct, Plaintiff Polston's rights were violated and she has suffered embarrassment, humiliation, emotional distress, and loss

of wages and benefits.

**WHEREFORE**, the Plaintiff respectfully pray as follows:

1. Judgment against Defendant Cadence for compensatory and punitive damages, in a fair and reasonable amount to be determined by the evidence;

2. Trial by jury of all issues triable;

3. For her costs incurred herein;

4. Attorney fees to the extent permitted by law; and,

5. For any and all other relief allowed under the law.

Respectfully Submitted,

_____
GARRY R. ADAMS
JOHN S. PHILLIPS
ADAMS LANDENWICH WALTON, PLLC
517 W. Ormsby Ave.
(502) 561-0085 (phone)
GARRY@JUSTICEKY.COM
JOHN@JUSTICEKY.COM

## VERIFICATION

I, Linda J. Polston, state that I have read the foregoing Verified Complaint and the statements contained therein are true to the best of my knowledge and belief.

_____
LINDA J. POLSTON

Subscribed and sworn to before me by LINDA J. POLSTON on this 30th day of January 2019.

My commission expires: June 2, 2020

_____
NOTARY PUBLIC, KY STATE AT LARGE





STEVE KAELIN
OLDHAM COUNTY CIRCUIT CO[U]
OLDHAM CIRCUIT & DISTRICT
OLDHAM COUNTY COURTHOUS[E]
100 WEST MAIN STREET
LA GRANGE, KENTUCKY 4003[1]

9414 7266 9904 2967 7764 50
RET[U]RN R[ECE]IPT REQUESTED

U.S. POSTAGE >> PITNEY BOWES
ZIP 40031
02 4W     $ 012.25⁰
0000340072 JAN 31 2019

CAPITOL CORPORATE SERVICES, INC
828 LANE ALLEN RD
STE 219
LEXXINGTON, KY 40504

19-CI-00073